UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

OWEN COLE

                              Plaintiff,

-against-

THE CITY OF NEW YORK,
DETECTIVE LUCIOUS JOHNSON
and POLICE OFFICER JOHN DOE 1-10

                             Defendants.

------------------------------------------------------------X

10 CIV 5308

COMPLAINT

JURY TRIAL DEMANDED

ECF Case

JUDGE JONES

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and by the United States Constitution, including its Fourth and Fourteenth Amendments. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

## JURY TRIAL DEMANDED

3. Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of

New York pursuant to 28 U.S.C. §1391 (a), (b) and ©.

## PARTIES

5. Plaintiff OWEN COLE is a resident of the City and state of New York..

6. Defendant THE CITY OF NEW YORK was and is at all times relevant herein a municipal entity created and authorized under the laws of the state of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of patrol and general law enforcement for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of police officers as said risk attaches to the public consumers of the services provided for by them.

7. Defendant DETECTIVE LUCIOUS JOHNSON was at all times relevant herein a duly appointed and acting officer, servant employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant is and was at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties .

8. Defendants POLICE OFFICERS JOHN DOE 1-10 were at all times relevant herein a duly appointed and acting officer, servant employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant is and was at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties .

## STATEMENT OF RELEVANT FACTS

9. That on or about the 20th day of October, 2007, the plaintiff OWEN COLE was lawfully at or near 1668 Carroll Street, County of Kings, City & state of New York.

10. At the aforesaid time & place the plaintiff OWEN COLE was, without just cause, wrongfully assaulted arrested and incarcerated by the aforementioned members of the New York City Police Department, which the New York City Police Department failed to prevent, although it could have done so in the exercise of reasonable care.

11. The plaintiff was wrongfully arrested and falsely charged with violation of New York State Penal Law 220.16 and other related charges. He was prosecuted under New York County Supreme Court Indictment number 5505-07. He spent over thirteen months in jail.

12. That, by reason of the foregoing, the plaintiff ANDRE A. ANDREWS suffered wrongful incarceration, damage and injury.

13. That the criminal case against the defendant under Indictment number 5505/07 was eventually dismissed by the Honorable Michael Ambrecht a Justice of the Supreme Court of the State of the state and County of New York on or about February 10, 2009 .

## FIRST CLAIM
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

14. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

15. By their conduct and actions in wrongfully arresting and incarcerating the plaintiff as aforesaid, defendants, and each of them, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless

disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

16. As a result of the foregoing, plaintiff suffered conscious pain and suffering, emotional & physical injury, and loss of liberty.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

17. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

18. At all times material to this complaint, defendants, and each of them, had <u>de facto</u> policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

19. At all times material to this complaint, defendant, and each of them, failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline individual defendants and DOES. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

20. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional injury, pain and suffering, & multiple personal injuries.

## THIRD CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §§ 1981 AND 1983

21. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

22. By their conduct in failing to remedy the wrongs committed by the defendants, and each of them, and in failing to properly train, supervise, or discipline individual defendants and DOES, supervisory defendants caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its Fourth and Fourteenth Amendments.

23. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional injury, pain and suffering and loss of liberty..

**WHEREFORE**, plaintiffs demand the following relief jointly and severally against all of the defendants:
   a. Compensatory damages;
   b. Punitive damages;
   c. The convening and empaneling of a jury to consider the merits of the claims herein;
   d. Pre- and post-judgment costs, interest and attorney's fees;
   e. Such other and further relief as this court may deem appropriate and equitable.

Dated:      Brooklyn, NY

           July 7, 2010.

_____(Signed)_____
MICHAEL COLIHAN
Attorney for Plaintiff
44 Court Street Rm 911
Brooklyn, NY 11201
(718) 488-7788