UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OWEN COLE,

                     Plaintiff,

   -against-                             **MEMORANDUM AND ORDER**

                                                  10 Civ. 5308 (BSJ)(KNF)

THE CITY OF NEW YORK, DETECTIVE
LUCIOUS JOHNSON and POLICE OFFICER
JOHN DOE 1-10,

                    Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

*Introduction*

      On March 22, 2011, the plaintiff issued subpoenas, for testimony at a deposition, in a civil action to the following non-parties: (1) Joan Maloney ("Maloney"), Supervising Court Reporter, Grand Jury Office of the Special Narcotics Prosecutor, 80 Centre Street, New York, New York, to appear for a deposition on March 28, 2011, at 2:00 p.m.; (2) Bonnie Greenstein ("Greenstein"), Court Reporter, Grand Jury Office of the Special Narcotics Prosecutor, 80 Centre Street, New York, New York, to appear at a deposition on March 30, 2011, at 10:00 a.m.; and (3) Assistant District Attorney Thomas Van Noy ("Van Noy"), Office of the Special Narcotics Prosecutor, 80 Centre Street, New York, New York, to appear for a deposition on March 30, 2011, at 2:00 p.m. The respective subpoenas directed each non-party to bring to the deposition

> Documents Related to the Transcription or Retranscription of the testimony of Detective Lucious Johnson In the case of The People of the State of New York v. Owen Cole, Defendant-Indictment Number 5505/2007[.] Date of Detective Johnson's testimony was October 25, 2007. The Court reporters involved in the

1

>transcription or retranscription may have been Loriann Durocher and/ or Bonnie
>Greenstein.  These should include the original tape[.]

Additionally, the subpoenas to testify at a deposition directed Maloney and Van Noy to bring "documents related to the employment and termination of employment, if any, of Loriann Durocher."  Before the Court is the non-parties' motion to quash the subpoenas, made pursuant to Rule 45 of the Federal Rules of Civil Procedure.  The plaintiff opposes the motion.

*Contentions*

The non-parties contend that the subpoenas should be quashed because they were served on them on March 23, 2011, and the plaintiff "did not provide prior notice (let alone any notice) of these subpoenas before they were served, as he is required to do by [Rule] 45(b)(1)" of the Federal Rules of Civil Procedure.  Moreover, the subpoenas demanded "compliance within *only* three to five business days," and it was "unreasonable to expect that the intended individuals be available and ready to provide deposition testimonies within this time and for the Special Prosecutor's Office to perform a search of their [sic] records for any responsive documents within such a short time frame," or provide appropriate objections to the subpoenas.

The non-parties contend that the subpoenas should also be quashed because the information sought is outside of the scope of Rule 26 of the Federal Rules of Civil Procedure.  According to the non-parties, the plaintiff represented to the Court on March 15 and 25, 2011, that "it appears that, at most, an error in transcribing Detective Johnson's testimony about the exact location in which plaintiff 'dropped the drugs,' occurred during the underlying Grand Jury proceedings."  The non-parties contend that "a cursory review of the Grand Jury minutes and related court proceedings in this case demonstrate that any error in the record was made by the transcribing reporter and not by Detective Johnson himself."  Thus, even if the purported error in

2

transcription was made by the transcribing reporter, that "could not be sufficient to establish that the police officer defendant engaged in misconduct sufficient to overcome the presumption of probable cause, or to infer malice or attribute plaintiff's prosecution to the defendants specifically." The non-parties maintain that the plaintiff's allegations sound in negligence, and it is not clear why the plaintiff seeks to obtain their testimony "relating to the content and the transcription of these records." Furthermore, the non-parties assert that the records pertaining to the employment of Grand Jury Reporter Loriann Durocher are irrelevant, "privileged and confidential."

The plaintiff contends that the time provided to comply with the subpoenas was reasonable, "since the information sought is readily accessible," namely, "there was only one criminal indictment number 5505/2007, the Indictment number of the underlying criminal matter that is the subject of this action and it is not unreasonable to expect that the subpoenaed parties would be able to locate the same." Moreover, according to the plaintiff, the subpoenaed persons did not seek more time to comply or object to the time frame given.

The plaintiff maintains that the information sought has probative value on the issue of probable cause for his arrest, because it shows "concealment of fraud and perjury by defendant Johnson in the Grand Jury." According to the plaintiff, he stated the following in his March 28, 2011 communication to the Court: "I think what the Special Prosecutor's employee's [sic] have done (and admitted doing on the record in the minutes of the trial on December 10, 2008) is attempted to further and conceal fraud and possible perjury in the Grand Jury on the part of defendant Johnson." He contends that the information sought is relevant to his claim concerning "the dual (and unlawful) transcription of the Grand Jury testimony of defendant Detective Johnson." The plaintiff explains that the purpose of the subpoenas is to gather information that

3

would enable him to overcome the presumption of probable cause for his arrest created by the Grand Jury indictment by showing "fraud, perjury, the suppression of evidence or other police conduct taken in bad faith." Since here, the plaintiff contends, "we have two set[s] of grand jury minutes where the police defendant Johnson tells very different stories about how and where the drugs were recovered[, a] reasonable person could easily infer that under these circumstances, an ex parte retranscription of these minutes . . . could be viewed as an attempt to conceal that fraud and perjury."

In reply, the non-parties contend that the plaintiff's "failure to provide notice of a subpoena to all parties before the issuance of said subpoena, and failure to provide such prior notice is a 'manifest violation of Rule 45.'" Moreover, providing only three to five business days for compliance with the subpoenas is "far less from the amount deemed reasonable and adequate by Courts." The non-parties maintain that the plaintiff's "attack on the credibility of Detective Johnson is not only outrageous, but also without merit" and "any purported testimony from the non-party individuals, would at best be duplicative and repetitive." Additionally, the non-parties contend, the plaintiff did not articulate how their testimony "would contribute to a showing that there was no probable cause to arrest and/or prosecute plaintiff in this action."

***Legal Standard***

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "[T[he scope of discovery is very broad, 'encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Maresco v. Evans Chemetics, Div. of W. R. Grace & Co., 964 F.2d 106, 114

(2d Cir. 1992) (quoting <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978)).

Rule 45 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[o]n timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply."  Fed. R. Civ. P. 45(c)(3)(A).  "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party."  Fed. R. Civ. P. 45(b)(1).  In 1991,

> [a] provision requiring service of prior notice . . . [was] added to paragraph (b)(1).  The purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things.  Such additional notice is not needed with respect to a deposition because of the requirement of notice imposed by Rule 30 or 31.  But when production or inspection is sought **independently of a deposition**, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced.

Advisory Committee Notes, 1991 Amendment to Rule 45 (emphasis added).

In other words, Rule 45(b)(1)'s "notice requirement is only applicable when the production or inspection is sought independent of a deposition."  9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2457 (3d ed. 2008); accord <u>Murphy v. Bd. of Educ. of the Rochester City Sch. Dist.</u>, 196 F.R.D. 220, 225 (W.D.N.Y. 2000) (all subpoenas at issue sought documents only, and the court found that the plaintiff's "issuance of twelve subpoenas without notice to opposing counsel" violated Rule 45's notice requirement);  <u>Schweizer v. Mulvehill</u>, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000) (all subpoenas at issue sought documents only, and the court found that "[a] party issuing a subpoena to a non-party for the production of documents during discovery must provide notice to all parties to the litigation.").

5

When a subpoena to testify at a deposition or a subpoena to testify at a deposition and bring documents, is served on any person, Rule 30, not Rule 45, of the Federal Rules of Civil Procedures, governs the notice requirement, providing that a party who wants to depose a person "must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). "If a subpoena duces tecum is to be served on the deponent, the material designated for production, as set out in the subpoena, must be listed on the notice or in an attachment." Fed. R. Civ. P. 30(b)(2). A subpoena <u>duces</u> <u>tecum</u> is a "subpoena ordering the witness to appear . . . and to bring specified documents, records, or things. — Also termed *deposition subpoena duces tecum*." Black's Law Dictionary 1563 (9th ed. 2009).

> Indeed, as amended in 1991, Rule 45(a)(1)(C) authorizes a subpoena to command production of documents at a deposition or without a deposition. If the production is to occur at a deposition, the designation of the materials to be produced pursuant to the subpoena must be attached to or included in the notice of the deposition. If the production is to occur without a deposition, Rule 45(b)(1) requires that notice be given to the other parties.
>
> 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, 8A Federal Practice and Procedure § 2108 (3d ed. 2010).

***Application of Legal Standard***

<u>Whether Notice Requirement Was Satisfied</u>

The plaintiff was not required to serve Rule 45(b)(1) prior notice on the defendants because Rule 45(b)(1)'s notice requirement is only applicable when the production of documents is sought independent of a deposition. Here, the production of documents was sought in connection with depositions; each subpoena was entitled "Subpoena to Testify at a Deposition in a Civil Action," and demanded that the person subpoenaed "must also bring to the deposition"

certain documents, listed in the "Production" section of each subpoena. Thus, the subpoenas at issue are deposition subpoenas duces tecum, because they order a witness to appear for a deposition and bring documents. Since each subpoena at issue was a subpoena for a non-party to testify at a deposition and bring documents, notice of the taking of each deposition was governed by Rule 30.

Here, the defendants received, via facsimile, copies of the non-parties' deposition subpoenas duces tecum on March 23, 2011, the same day the non-parties were served with the subpoenas. No separate notices of the deposition subpoenas duces tecum were served on the defendants prior to the service of the subpoenas on the non-parties. Rule 30's requirement that, if a subpoena duces tecum is to be served on the person to be examined at a deposition, the notice to the parties must include the list of the materials designated for production, contemplates that a separate notice be served on the parties prior to the service of a subpoena duces tecum. Serving a copy of the non-parties' deposition subpoenas duces tecum on the defendants while simultaneously serving those subpoenas on the non-parties, does not satisfy Rule 30's notice requirement. Moreover, a copy of a deposition subpoena duces tecum is not a substitute for the "reasonable written notice," required by Rule 30 to be provided to the parties prior to the service of that subpoena. Accordingly, the Court finds that the plaintiff failed to comply with the notice requirement, in violation of Rule 30 of the Federal Rules of Civil Procedure, warranting quashing of the subpoenas.

Whether Time to Comply with Subpoenas Was Reasonable

On March 23, 2011, the non-parties were served with subpoenas to appear at a deposition and to bring documents as follows: (a) Maloney, on March 28, 2011; and (b) Greenstein and Van Noy, on March 30, 2011. Thus, Maloney had three business days and Greenstein and Van Noy

7

had five business days to prepare for their respective depositions and to search and retrieve the documents to be brought to their depositions. Although the plaintiff argues that "there was only one criminal indictment" at issue and "it is not unreasonable that the subpoenaed parties would be able to locate same," the strength of his argument is weakened by: (a) the Court's October 14, 2010 order directing that all discovery be completed by April 1, 2011; and (b) the plaintiff's knowledge, in 2009, of the revised minutes of the Grand Jury Proceeding, evidenced by the plaintiff's Exhibit 20, submitted in opposition to the motion, which is a copy of his motion to dismiss the indictment against him in the underlying criminal matter.

In light of the plaintiff's unjustified delay in serving the subpoenas at issue, and absent any authority that three to five business days is a reasonable time to comply with the subpoenas in circumstances such as these, the Court finds that the plaintiff's subpoenas did not provide reasonable time for compliance, warranting quashing of the subpoenas. Since the Court must quash the subpoenas for failure to allow a reasonable time to comply, pursuant to Fed. R. Civ. P. 45(c)(3)(A)(i), no need exists to analyze the merits of the non-parties' relevancy argument.

*Conclusion*

For the foregoing reasons, the non-parties' motion to quash the subpoenas served on them by the plaintiff, Docket Entry No. 27, is granted.

Dated: New York, New York
April 4, 2012

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE